CLD-116                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1129
_____

IN RE: FREDERICK H. BANKS,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2-15-cr-00168-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 1, 2018
Before:  CHAGARES, GREENAWAY, JR. and GREENBERG, Circuit Judges

(Opinion filed: March 12, 2018)
_____

OPINION*
_____

PER CURIAM

     Frederick Banks is currently awaiting trial in the United States District Court for

the Western District of Pennsylvania on charges of interstate stalking, 18 U.S.C.

§ 2261(a)(2), aggravated identity theft, § 1028A(a)(1), making false statements,

§ 1001(a)(3), and wire fraud, § 1343.  On January 15, 2018, Banks filed a petition for a

writ of mandamus asking this Court to direct the District Court to: (1) grant his pro se

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

motion for pretrial discovery; (2) dismiss the charges against him for "undue delay"; and (3) release Banks on bond. He also asks us to order the District Judge to recuse himself from the case.

A writ of mandamus is a drastic remedy available in only extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Mandamus is a means "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (quoting In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000)). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Mandamus may not be used as a substitute for appeal. In re Diet Drugs, 418 F.3d at 378–79.

We will deny Banks's petition. First, with respect to his request that we compel the District Court to grant his pro se discovery motion, he has not demonstrated that he has a clear and indisputable right to this relief given that, as the District Court explained, he is represented by counsel.[1] Second, we will not direct the District Court to dismiss his case for undue delay. Banks may challenge the alleged delay by way of Speedy Trial Act claim in the District Court, and may seek further review of the District Court's ruling by

---

[1] Although Banks sought to represent himself at trial, the District Court determined that he was not competent to waive his right to counsel and denied his request. The District Court advised Banks that his pretrial motions must be filed through his attorney, and that the court would immediately dismiss (without prejudice) any motions that he attempted to file himself.

2

way of an appeal.  See 18 U.S.C. § 3161; see, e.g., United States v. Dyer, 325 F.3d 464, 467 (3d Cir. 2003) (reviewing the district court's denial of a Speedy Trial Act claim). Nor will we order his release on bond, as he may appeal any denial of his request for bond.  See 18 U.S.C. § 3145(c).

Lastly, Banks has not shown that he is entitled to an order directing the District Judge's recusal.  Banks contends that recusal is warranted on the ground that the District Court denied him release on bond and precluded him from representing himself at trial in retaliation for his having issued involuntary bankruptcy petitions against his law clerks. We have reviewed the District Court's memorandum order addressing these rulings, however, and see nothing to support Banks's allegations of retaliatory motive.  See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal.").  Furthermore, although Banks has moved the District Judge to recuse in the past, he has not sought recusal in connection with these recent rulings, and we generally cannot issue mandamus relief if an alternative remedy is available.  Cf. In re Kensington Int'l Ltd., 353 F.3d 211, 224 (3d Cir. 2003).

For these reasons, we will deny the petition for mandamus.